UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

DWAYNE JOHNSON, individually and on behalf
of all others similarly situated,

    Plaintiffs,

vs.

NATIONAL DELIVERY SOLUTIONS, LLC,

    Defendant.

_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Dwayne Johnson, individually and on behalf of all others similarly situated ("Johnson"), by and through undersigned counsel, sues Defendant, National Delivery Solutions, LLC a foreign limited liability company ("NDS"), and for his causes of action, declares and avers as follows:

    1.    Johnson brings this action on his own behalf, as well as on behalf of all other current and former drivers of NDS similarly situated to him, on a collective basis, to recover from NDS unpaid overtime compensation, liquidated damages, costs, and reasonable attorneys' fees, as well as for declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. § 201, *et seq.*, and specifically under 29 U.S.C. § 216(b).

    2.    Johnson is a US Citizen, a resident of Florida, and otherwise within the jurisdiction of this Court.

    3.    NDS is a foreign limited liability company, doing business in Florida, and otherwise within the jurisdiction of this Court.

    4.    Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

    5.    NDS is a courier logistics company.

6. Johnson is a current delivery driver of NDS, working for NDS in the Southern District of Florida during one or more workweeks within the last three (3) years. At all times material hereto, NDS misclassified Johnson as a 1099 independent contractor, as opposed to a W-2 employee.

7. The additional persons who may become plaintiffs in this action, and who Johnson believes is entitled to notification of the pendency of this action, and of their right to opt-in to this action, are current and former delivery drivers of NDS similarly situated to Johnson in that they are or were subject to the same independent contractor misclassification.

8. At all times material hereto, NDS was, and continues to be, engaged in interstate commerce as defined by the FLSA.

9. At all times material hereto, during his employment with NDS, Johnson was engaged in interstate commerce, as were all others similarly situated.

10. At all times pertinent to this Complaint, NDS failed to comply with 29 U.S.C. § 201-19 in that Johnson and those current and former delivery drivers of NDS similarly situated to Johnson, while working for NDS as delivery drivers, performed hours of service for NDS in excess of forty (40) during one or more workweeks, for which NDS failed to properly pay overtime premiums.

11. In the course of their employment with NDS, Johnson, and other current and former drivers similarly situated to him, worked hours in excess of forty (40), with NDS' knowledge (actual and/or constructive) but were not properly paid overtime premiums for those hours.

12. The pay practices of NDS, as described in the above paragraphs, violated the FLSA by failing to properly pay overtime premiums to Johnson, and those other current and former delivery drivers similarly situated to Johnson, for those hours worked in excess of forty (40).

13. During the three (3) years preceding the filing of this lawsuit, NDS employed, and continue to employ, individuals similarly situated to Johnson (*i.e.* delivery drivers) throughout the

state of Florida, as well as, upon information and belief, Missouri, Tennessee, Georgia, Alabama, Ohio, Michigan, Kentucky, Mississippi, Arkansas, and Indiana.

14. During the three (3) years preceding the filing of this lawsuit, NDS suffered or permitted to be suffered, with knowledge, hours of service by these delivery drivers, including in excess of forty (40), during one or more workweeks, for which NDS failed to properly pay overtime premiums.

15. Each improperly paid delivery driver who performed and/or continues to perform services for NDS, during one or more workweeks within the three (3) year period preceding the filing of this lawsuit, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action.

16. Johnson will seek this Court's permission to provide notice to all current and former delivery drivers similarly situated to Johnson who work or worked for NDS during any payroll period within three (3) years from the date of filing of this lawsuit, in all states in which NDS does business.

## COUNT I - RECOVERY OF UNPAID OVERTIME

17. Johnson reavers and realleges all allegations contained in paragraphs 1 through 16 above as if fully set forth herein.

18. Johnson is entitled to be paid an overtime premium for each hour worked exceeding forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations, to include commission/bonus payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime entitlement. All other similarly situated delivery drivers are similarly owed overtime premiums, calculated properly, for those overtime hours they worked and for which they were not properly paid.

19. By reason of the willful and unlawful acts of NDS, Johnson (and those similarly situated to him) have suffered damages.

20. As a result of the NDS' violation of the Act, Johnson and those similarly situated to him are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

WHEREFORE, Johnson, and those similarly situated to him, who have or will opt-in to this action, demand judgment against NDS for the overtime wages due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,

PADULA BENNARDO LEVINE LLP
Attorneys for Plaintiffs
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL   33431
Telephone:   (561) 544-8900
Facsimile:   (561) 544-8999


By:   **Daniel R. Levine**
       Daniel R. Levine, Esq.
       Fla. Bar No. 0057861
       E-Mail: drl@pbl-law.com